THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY W. REDDICK, Defendant-Appellant.

Fifth District   No. 5—91—0287

Opinion filed December 31, 1992.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Jerry W. Reddick, appeals from an order of the circuit court of St. Clair County denying his post-conviction petition.

On appeal, defendant contends that the cause must be remanded to the circuit court for a hearing to determine whether the State used unreliable testimony at defendant's sentencing hearing, denying him due process, where defendant's daughter, M.R., recanted her testimony against him. We affirm.

In September 1986, defendant was tried and convicted of two counts of aggravated criminal sexual assault against his daughter, P.R., a child under the age of 13. On November 7, 1986, the trial court held a sentencing hearing. As a factor in aggravation, the State presented defendant's other daughter, M.R., who testified that defendant had kissed and manually penetrated her vagina numerous times and attempted vaginal penetration with his penis more than once. The State also presented two of M.R.'s friends who testified that defendant kissed them and touched their breasts while they were overnight guests of M.R. The court sentenced defendant to two concurrent 25-year terms of imprisonment. Defendant appealed the convictions and sentences, and this court affirmed the trial court's judgment in an unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23) on August 19, 1988. (*People v. Reddick* (1988), 172 Ill. App. 3d 1175, 544 N.E.2d

1354.) On October 12, 1989, M.R. signed an affidavit recanting the testimony at defendant's sentencing hearing. On December 13, 1989, defendant filed a motion to reduce sentence. In that motion defendant asserted his sentence was excessive because it was based on M.R.'s recanted testimony and did not consider defendant's rehabilitation while incarcerated. On December 21, 1988, defendant filed a *pro se* petition for post-conviction relief and was appointed post-conviction counsel. On February 27, 1990, defendant requested that his post-conviction counsel withdraw and that new counsel be appointed. The court appointed new counsel on July 9, 1990. On March 12, 1991, counsel filed an amended petition for post-conviction relief. The amended petition stated that defendant was denied due process and equal protection under the United States and Illinois Constitutions because of trial errors. Defendant argued that he received ineffective assistance of counsel and that trial counsel failed to call certain witnesses defendant requested and failed to properly cross-examine the State's witnesses. Defendant also alleged that his constitutional rights were violated because (1) the trial court allowed the State to amend the information on the day of defendant's trial; (2) defendant was convicted of two Class X felonies arising out of the same crime; (3) the court allowed inflammatory testimony at trial and evidenced hostility toward defendant and defense counsel; (4) the court allowed a victim impact statement at sentencing; (5) defendant's rehabilitative potential was not considered; and (6) appellate counsel was ineffective by not consulting defendant before submitting the brief to this court. The trial court held an evidentiary hearing on defendant's petition on March 12, 1991. On March 14, 1991, defendant wrote a letter to the court stating that important information concerning his petition had not been offered, namely, M.R.'s affidavit recanting her previous testimony, which was attached to defendant's motion to reduce sentence. On March 19, 1991, defendant refiled the motion for reduction of sentence, reminding the court of the existence of M.R.'s affidavit. On April 8, 1991, the trial court entered an order denying defendant's petition for post-conviction relief, noting that any inflammatory testimony was not prejudicial error but not specifically addressing M.R.'s retraction. Defendant now appeals that order, claiming that the trial court failed to consider M.R.'s affidavit.

■ The Post-Conviction Hearing Act (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.*) provides a remedy to criminal defendants who claim that substantial violations of constitutional rights occurred in their trials. (*People v. Owens* (1989), 129 Ill. 2d 303, 307,

544 N.E.2d 276, 277; *People v. Silagy* (1987), 116 Ill. 2d 357, 507 N.E.2d 830.) A post-conviction proceeding is not an appeal *per se* but a collateral attack upon a final judgment and, in the scope of post-conviction review, is limited to issues which have not been and could not have been previously adjudicated. (*Owens*, 129 Ill. 2d at 307-08, 544 N.E.2d at 277.) To be entitled to post-conviction relief, defendant must establish a substantial deprivation of Federal or State constitutional rights in the proceedings that produced the judgment under attack. (*People v. Enoch* (1991), 146 Ill. 2d 44, 50, 585 N.E.2d 115, 118.) Although recantation of testimony can be addressed in a post-conviction petition, defendant in the present case failed to make any reference to M.R.'s affidavit in either the text of his amended petition or in his testimony at the evidentiary hearing. The affidavit itself was not presented as evidence in the hearing. Instead, defendant wrote a letter to the trial court two days after the hearing to implore the trial court to consider M.R.'s recantation before entering judgment on the matter. The court entered an order that did not specifically address M.R.'s affidavit, and defendant filed this appeal arguing that he is entitled to another hearing.

■■■ The State argues that the issue was waived since defendant failed to present the affidavit in his amended petition. The law is clear with regard to waiver of claims in post-conviction petitions: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." (Ill. Rev. Stat. 1991, ch. 38, par. 122—3.) Defendant acknowledges his failure to raise the issue of M.R.'s affidavit in either his original or amended petition but asserts that this court should consider the issue as plain error affecting his substantial rights under Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)). Our supreme court has repeatedly stated, however, that the plain error rule may not be invoked when a defendant collaterally attacks his conviction or sentence under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.*). (*People v. Owens* (1989), 129 Ill. 2d 303, 316-17, 544 N.E.2d 276, 281; *People v. Free* (1988), 122 Ill. 2d 367, 377-78, 522 N.E.2d 1184, 1189.) The United States Supreme Court and our supreme court have observed that once the defendant's conviction and sentence are reviewed and affirmed on direct appeal, the State has a legitimate interest in preserving the finality of that affirmance. A post-conviction remedy, by its very nature, threatens the State's interest in finality by allowing a defendant to launch a collateral attack upon his criminal conviction and sentence. (*United States v. Frady* (1982), 456 U.S. 152, 164, 71 L. Ed. 2d 816, 827-

28, 102 S. Ct. 1584, 1592; *People v. Owens* (1989), 129 Ill. 2d 303, 316, 544 N.E.2d 276, 281; *People v. Free* (1988), 122 Ill. 2d 367, 377-78, 522 N.E.2d 1184, 1189.) Application of the waiver rule is not an absolute bar to review of procedurally defaulted claims, however, and where fundamental fairness requires, the rule of waiver will not be applied in post-conviction proceedings. *Owens*, 129 Ill. 2d at 317, 544 N.E.2d at 281.

■ In analyzing the cases aforementioned, we find them applicable to the facts of this case, however, and hold that defendant waived the issue by not presenting it in the petition.

The question now becomes whether fundamental fairness requires us to consider defendant's argument that he was prejudiced and that his constitutional rights were substantially denied at his sentencing hearing because the State presented a witness who testified that defendant sexually assaulted her but recanted that testimony several years later. We conclude the answer to that question is no. M.R. was not the complaining witness at defendant's trial. Defendant was tried on two counts of aggravated criminal sexual assault against P.R. M.R. did not testify at defendant's trial but was one of three witnesses at defendant's sentencing hearing who stated they had been sexually assaulted by defendant. There was absolutely no indication that P.R., the victim on whose behalf the charges were filed, was not truthful at trial or later recanted her testimony. Nor have the other two witnesses at defendant's sentencing hearing recanted their testimony. This court finds that such evidence supports the trial court's imposition of defendant's sentence. Defendant was convicted of two Class X felonies. The law provides that the sentence for a Class X felony "shall be not less than 6 years and not more than 30 years." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3).) In sentencing defendant to concurrent terms of 25 years, the trial court emphasized the jury's finding of guilt and society's interest in protecting itself from people who commit sexual acts on children. There was no direct reference to M.R.'s testimony or whether it influenced the court to impose a longer sentence. After reading the trial court's comments in their entirety, however, we determine that the trial court focused more on the trial testimony than on the testimony heard at the sentencing hearing. Even if M.R.'s testimony was false, we do not find it likely that the trial court would have reached a different result without her testimony. Such a conclusion defeats defendant's argument that he is entitled to another evidentiary hearing to determine the significance of M.R.'s affidavit recanting her previous testi-

mony. Defendant has failed to affirmatively show that any prejudice resulted from M.R.'s now-questionable testimony at his sentencing hearing. This court, therefore, finds that it would not be fundamentally unfair to deny defendant another evidentiary hearing on the waived issue.

For the foregoing reasons, the order of the circuit court of St. Clair County is affirmed.

Affirmed.

CHAPMAN, P.J., and WELCH, J., concur.